0IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY WHITE,** | : | CIVIL ACTION NO. 1:07-CV-0900 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **BRITTANY GULDEN,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 23rd day of May, 2007, upon consideration of *pro se* plaintiff's motion to proceed *in forma pauperis* (Doc. 2), and the complaint (Doc. 1), and it appearing that plaintiff is unable to pay the filing fee in the above-captioned case, see 28 U.S.C. § 1915 ("[A]ny court of the United States may authorize the commencement, prosecution, or defense of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees or give security therefor."), and the court finding that it does not have subject matter jurisdiction over plaintiff's claims,[1] see Horn & Hardart Sys. v. Hunter, No. Civ. A. 04-5117, 2005

---

[1] Plaintiff claims that defendants wrongfully accused him of a crime for which he was imprisoned until the charges against him were dropped. He filed a form complaint used by prisoners filing civil rights complaints and marked that the case was filed under "28 U.S.C. § 1331 – Federal Officials." However, plaintiff does not allege that defendants are federal, or state, actors. He does not list any official position for defendants. Indeed, plaintiff avers that one defendant is self employed and that the other two are her parents. (See Doc. 1.) On these facts, the court does not have subject matter jurisdiction over plaintiff's claims. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); id. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . .").

WL 1522266, at *1 (D.N.J. June 27, 2005) ("Jurisdiction is a preliminary issue that may be raised by a district court to ensure that a case properly belongs in federal court."); Daily v. City of Phila., 98 F. Supp. 2d 634, 636 (E.D. Pa. 2000) ("Lack of subject matter jurisdiction may be raised at any time by the court *sua sponte*."); see also Meritcare v. St. Paul Mercury Ins., 166 F.3d 214, 217 (3d Cir. 1999) ("A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*."), abrogated on other grounds by Exxon Mobil Corp. v. Allapattah, 545 U.S. 546 (2005), it is hereby ORDERED that:

1. The motion to proceed *in forma pauperis* (Doc. 2) is GRANTED.

2. The complaint (Doc. 1) is DISMISSED for lack of subject matter jurisdiction.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

4. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge